BEFORE THE SECOND DIVISION, JANUARY 31, 1946

**No. 50867.**—Petition 6478–R of C. J. Tower & Sons (Buffalo).

Opinion by LAWRENCE, J.    The testimony of the two witnesses for the petitioner showed that the trees in question were entered at 32 cents each, which, on entry, was believed to be the correct dutiable value thereof; that subsequent to making entry petitioner learned that the prices actually paid for the trees were higher than those stated on entry; and that on being apprised of that fact, petitioner expected that an opportunity would be afforded to amend the entries, as was customary in such cases, but that before steps could be taken in that direction the merchandise had been appraised.    The acting appraiser at Niagara Falls and the customs agent, who investigated the purchase price of the trees in question, testified for the Government that the petitioner had always been truthful and cooperative in their customs transactions, and that, in their opinion, no attempt had been made to defraud the revenue.    The court was satisfied concerning the good faith of the petitioner and was loath to believe that a reputable importer would intentionally try to save $23 in regular duties, deliberately running the risk of incurring additional duties in excess of $700, which were imposed in this case.    It was held that while the authorities relied upon by the Government may be factually similar in some respects, nevertheless they are different in important particulars and therefore do not control in this case.    The court held that satisfactory evidence had been supplied by the petitioner and that the evidence established that the entry of the merchandise was without any intent to defraud the revenue of the United States or to conceal or to misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.    The petition was therefore granted.

BEFORE THE FIRST DIVISION, FEBRUARY 1, 1946

**No. 50868.**—Protest 782729–G of M. Modlin (New York).

Opinion by MOLLISON, J.    Following the authorities cited in Abstract 15400 the court dismissed the protest.

BEFORE THE SECOND DIVISION, FEBRUARY 1, 1946

**No. 50869.**—Protests 226–K, etc., of Marshall Field & Co. et al. (New York).

Opinion by TILSON, J.    Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 50870.**—Protests 102725–K, etc., of Selsi Co., Inc. (New York).

Opinion by LAWRENCE, J.    It was stipulated that the merchandise consists of aneroid barometers similar in all material respects to those the subject of *Selsi Co., Inc.* v. *United States* (15 Cust. Ct. 150, C. D. 962).    In accordance therewith the claim at 27½ percent under paragraph 372 was sustained.